UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE TEJADA and BRYAN MATHEW TEJADA,<br><br>　　　　　　　　　Plaintiffs,<br><br>　-against-<br><br>XP TRANSPORTATION, LLC and WILLIAM W. KROMER,<br><br>　　　　　　　　　Defendants. | Index No.: 2:22-cv-05665<br><br>**NOTICE OF REMOVAL (AND COPIES OF ALL PROCESS, PLEADINGS AND ORDERS)** |

To:   UNITED STATES DISTRICT COURT
　　　EASTERN DISTRICT OF NEW YORK

　　　Defendants, XP TRANSPORTATION, LLC and WILLIAM W. KROMER, (collectively, "Defendants") by and through their attorneys, Gfeller Laurie, LLP, state as follows:

　　　1.　　This is a tort action in which plaintiffs allege they were injured when defendant driver William W. Kromer struck their stationary motor vehicle in the rear while executing a right-hand turn. Plaintiffs filed suit against the alleged driver of the vehicle that struck their vehicle, Mr. William W. Kromer and the company that employed Mr. Kromer on the date of the accident, XP Transportation, LLC.

　　　2.　　For the reasons set forth below, Defendants XP Transportation, LLC and William W. Kromer remove this action to the United States District Court for the Eastern District of New York, which is the judicial district in which the action is pending, pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441 et seq.

**Amount in Controversy and Timeliness of Removal**

　　　3.　　Removal is timely as it is filed within 30 days of it being first ascertained that the case is removable. 28 USC § 1446(b)(3).

　　　4.　　Plaintiffs filed suit in Supreme Court of the State of New York for Queens County on

March 23, 2022. XP Transportation, LLC was served via a process server on or about April 7, 2022. William W. Kromer was served personally on April 9, 2022, via personal service. A true and correct copy of the Summons and Complaint served upon XP Transportation and William W. Kromer is attached here as **Exhibit "A".**

5. Defendants interposed an Answer on or about April 14, 2022, attached here as **Exhibit "B".**

6. Plaintiffs' initial complaint was not removable on its face because it did not specify the amount of damages sought and instead provided only that plaintiffs suffered serious injuries, without specifying the nature or severity of the injury.

7. Plaintiffs' complaint did not disclose if the alleged car accident caused plaintiffs to suffer broken bones, torn ligaments, scarring, disfigurement, permanent loss of use of a body organ or any other type of injury that would provide some specificity as to the nature and severity of the injury allegedly sustained by Mssrs. Jose Tejada and Bryan Mathew Tejada.

8. On its face, the vague and ambiguous nature of the injuries as pled would not have allowed Defendants to show by a preponderance of the evidence, that the amount in controversy exceeded $75,000. *See Dart Cherokee Basin Operating Co., LLC* v. Owens, 135 S.Ct. 547 (2014). *See also, Romulus v. CVS Pharm., Inc.*, 770 F.3d 67, 72 (1st Cir. 2014); (Section 1446(b)'s thirty-day clocks are triggered when the plaintiff's complaint or subsequent paper provides defendant with sufficient informationto easily determine that a matter is removable. The defendant has no duty to investigate or to supply facts outside of those provided by the plaintiff.)

9. On April 14, 2022, counsel for the defendants served plaintiffs' counsel with a Demand for Ad Damnum. A copy of said Demand is annexed hereto as **Exhibit "C"**. Plaintiff's counsel responded via email to said demand on September 9, 2022, with a copy of his response to this filing. A copy of said response is annexed hereto as **Exhibit "D"**. The response to defendants

Demand for Ad Damnum indicated for the first time that Mr. Jose Tejada sought specific damages in the amount of $1,900,000.00 and that Mr. Bryan Mathew Tejada sought specific damages in the amount of $100,000.00. A copy of plaintiffs' Response to the Demand for Ad Damnum is annexed hereto as **Exhibit "D"**.

10. This document is sufficient to establish an amount in controversy of at least $75,000.00, exclusive of interest and costs.

11. This Notice of Removal is timely filed within thirty (30)-days of it being first ascertained that the case is one which is removable, pursuant to 28 U.S.C. §1446 (b)(3).

## The Parties are Citizens of Different States

12. The parties are citizens of different states, pursuant to 28 USC § 1332(a)(1).

13. Plaintiff alleges he is a resident of the State of New York. Exhibit A, ¶1.

14. Defendant XP Transportation, LLC is a Pennsylvania limited liability corporation with a principal place of business in Pennsylvania. Defendant William W. Kromer is also a resident of Pennsylvania. See Exhibit "A", ¶¶2-3, Exhibit "B", ¶2.

## Written Notice of Removal

15. Notice of this filing is being served on plaintiff's counsel and the Supreme Court of the State of New York, Queens County in accordance with 28 U.S.C. § 1446(d), simultaneous with the filing of this pleading.

16. Promptly after filing this Notice of Removal, a true copy will be filed with the Supreme Court of the State of New York, Queens County, in accordance with 28 U.S.C. §1446(d).

## Pleadings, Process and Orders Served Upon Defendants in the State Court Action to Date

17. All state court papers served on and by Petitioner at the time of removal are annexed hereto as follows:

    Ex. A    Plaintiffs' Summons and Complaint;

    Ex. B:    Defendants XP Transportation, LLC and William W. Kromer's Answer;

    Ex. C:    Defendants XP Transportation, LLC and William W. Kromer's Demand for Ad Damnum;

    Ex. D:    Plaintiffs' Response to Defendants' Demand for Ad Damnum;

**WHEREFORE**, Defendants XP Transportation, LLC and William W. Kromer, respectfully request that matter be removed to this Court from the Supreme Court of the State of New York, County of Queens; that this Court accept jurisdiction of this action; and that this action be placed on the docket of this court for all further proceedings, as though this action had been originally instituted in this Court.

Dated: Tarrytown, New York
       September 22, 2022

                GFELLER LAURIE LLP

                By: _____
                ADAM R. DOLAN, ESQ. (AD1979)
                GFELLER LAURIE LLP
                *Attorneys for Defendants*
                **Mailing Address:**
                977 Farmington Avenue, Suite 200
                West Hartford, CT 06107
                **Office Address:**
                520 White Plains Road, Suite 500
                Tarrytown, New York 10591
                (239) 989-2215

TO:    Eli Shmulik, Esq.,
       The Law Office of Eli Shmulik, P.C.,
       Attorneys for the Plaintiffs
       11-11 44th Road, Suite 303
       Long Island City, NY  11101
       eli@eslegalny.com

       Clerk, Supreme Court of the State of New York,
       Westchester County (VIA NYSCEF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE TEJADA and BRYAN MATHEW TEJADA, <br><br> Plaintiffs, <br><br> -against- <br><br> XP TRANSPORTATION, LLC and WILLIAM W. KROMER, <br><br> Defendants. | Case No.: 2:22-cv-05665 |

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2022, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, and, I hereby certify that I have mailed the foregoing, by the United States Postal Service and via email to the following non-CM/ECF participants:

Eli Shmulik, Esq.
The Law Office of Eli Shmulik, P.C.,
Attorneys for the Plaintiffs
11-11 44th Road, Suite 303
Long Island City, NY  11101
eli@eslegalny.com

_____
Adam R. Dolan